UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILMINGTON SAVINGS FUND
SOCIETY, FSP, D/B/A CHRISTIANA
TRUST, NOT INDIVIDUALLY BUT AS
TRUSTEE FOR PRETIUM MORTGAGE
ACQUISITION TRUST,

                Plaintiff,

v.

FARAH PETION, DIANE ATTANASIO,

                Defendants.

No. 19-CV-11801 (KMK)

KENNETH M. KARAS, United States District Judge:

On August 2, 2021, the Court issued a Default Judgment of Foreclosure and Sale ("Default Judgment") for Defendant Farah Petion's (the "Defendant") property located at 47 Joshua Dr., Bloomingburg, NY 12721 (the "Property"). (*See generally* Default J. of Foreclosure and Sale ("Default Judgment") (Dkt. No. 31).) On September 23, 2022, Defendant filed a proposed Order to Show Cause to stay the sale of the Property, scheduled for September 27, 2022, along with a supporting Declaration. (*See* Proposed Order to Show Cause (Dkt. No. 34) & Decl. ("Decl.") (Dkt. No. 35).)[1] On September 26, 2022, Plaintiff submitted a Memorandum of Law in Opposition. (*See* Pl.'s Mem. Of Law in Opp. To Def.'s Order to Show Cause Mot. ("Pl.'s Mem.").) For the following reasons, the Court denies Defendant's requested relief.

---

[1] The Court notes that, prior to the filing of the Proposed Order and Declaration, Defendant had not participated in this case.

I.  Discussion

A.  Standard of Review

"A party seeking a stay must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the [moving party's] favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the [moving party]'s favor; and (4) that the public interest would not be disserved by the issuance of an injunction."  *Benihana, Inc. v. Benihana of Tokyo*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration and quotation marks omitted); *see also Mason v. Amtrust Fin. Servs., Inc.*, 848 F. App'x 447, 449 (2d Cir. 2021) (summary order) (same).[2]  A showing of irreparable harm is "the single most important prerequisite" to granting a litigant's motion.  *Yang v. Kosinski*, 960 F.3d 119, 128 (2d Cir. 2020) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). The Second Circuit's "precedents suggest that [the moving party] may be able to show that a [stay] is warranted on the strength of the[] first two factors alone."  *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 n.38 (2d Cir. 2020).

B.  Analysis

Defendant raises three arguments in support of her request for a stay of the planned foreclosure sale: (1) Defendant has never been properly served (Decl. 3–5); (2) Plaintiff failed to serve Defendant with a Notice of Default as required by Defendant's mortgage contract (Decl.

---

[2] Federal courts apply the same standard to a motion to stay as would apply to a motion for a preliminary injunction.  *In re 347 Linden LLC*, No. 11-CV-1990, 2011 WL 2971496, at *8 (E.D.N.Y. July 20, 2011) ("The standard for granting a motion to stay is the same as that for a preliminary injunction.") (citations omitted).  The standard under New York state law is substantively similar to that under federal law. *See Rhodes v. CitiMortgage, Inc.*, 172 N.Y.S.3d 702, 704 (App. Div. 2022) (explaining that a movant must demonstrate "(1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor. . .") (citations omitted).

5–7); (3) the calendaring of the foreclosure sale did not comply with New York law (Decl. 8). The Court finds all of Defendant's arguments fail to establish that Defendant is likely to succeed on the merits or to suffer irreparable harm if the foreclosure sale moves forward.

      1.  Notice

First, Defendant claims that she was never properly served. (*See* Decl. 3–5.)[3] Fed. R. Civ. P. 4(e)(1) allows for service to be completed "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. . . ." New York law does not require that a Plaintiff be personally served, rather service may be completed "by delivering the summons within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and . . . by mailing the summons to the person to be served at his or her last known residence. . ." N.Y.C.P.L.R. § 308(2).

Plaintiff properly served Defendant in this action. Plaintiff submitted an Affidavit of Service confirming that a "63-67 [year old]" woman named "Lianne Rimel"—identified as Defendant's "mother"—was served at the Property. (*See* Aff. of Serv. 1 ("Aff. of Serv.") (Dkt. No. 8.)) Plaintiff also provided proof of mailing of the summons and complaint to the Defendant at the Property. (*Id*. at 2–3.) Defendant states in her Declaration that she lives at the Property with her mother, Lillian Petion. (*See* Decl. 3 ("The only other female residing with me at the Property is my mother . . .").) It is well-established that a process server's sworn affidavit of service constitutes prima facie evidence of proper service. *Mauro v. Mauro*, 786 N.Y.S.2d 213,

---

[3] Defendant also claims that Plaintiff did not serve all documents necessary to comply with New York REAL PROP. ACTS. § 1303. (*See* Decl. 4–5.) Section 1303 requires service of a notice titled "Help for Homeowners in Foreclosure"; Plaintiff's Affidavit of Service indicates that Lianne Rimel was served with this document. (*See* Aff. of Serv. 1.)

3

214 (App. Div. 2004) ("[An] affidavit of service . . . [is] prima facie proof of proper service.").[4] While the names do not match precisely—"Lillian Petion" is not identical to "Lianne Rimel"—they are not so different as to rule out the process server mishearing Defendant's mother when she identified herself at the time of service. *Cf. Wells Fargo Bank, N.A. v. McGloster*, 849 N.Y.S.2d 784, 784 (Mem) (App. Div. 2008) (denying defendants' motion to vacate judgment of foreclosure where "discrepancies between [female defendant's] appearance and the description contained in the process server's affidavit were too minor to warrant a hearing."). Given the affidavit of service and the fact that Defendant does not attempt to rebut Plaintiff's proffer of service by mail in her Declaration, Defendant simply has not provided sufficient evidence to establish that she was unaware of this foreclosure action until mere days before the foreclosure sale was to occur.[5] Thus, the Court finds that Defendant is unlikely to succeed on the merits of her claim.

  2. Service of the Notice of Default

Second, Defendant argues that "[P]laintiff failed to adhere to the terms of the subject loan documents which required that [P]laintiff was . . . to serve [her] with a . . . notice to cure [her] purported default." (*See* Decl. 5.) Defendant claims that this requirement was a "condition precedent" to suit and that under applicable New York law, Plaintiff's failure to mail the Notice

---

[4] Defendant claims that she does not know the person served but that it could not have been her mother because her mother is "80 years of age . . . . suffers from Paranoid Schizophrenia, and is otherwise physically and mentally unable to answer a door or to even accept any delivery. . ." (Decl. 3.) However, Defendant did not submit any evidence supporting this assertion, instead merely offering to "provide . . . for in camera review . . . copies of [her] mother's medical records." (*Id.* at 3–4.)

[5] The Court notes that Plaintiff docketed a Notice of Lis Pendens that was filed with the Orange County Clerk. (*See* Dkt. No. 7.) The Court also notes that Plaintiff served Defendant with the Proposed Order to Show Cause in Support of Plaintiff's Application for a Default Judgment. (*See* Aff. of Serv. of Not. of Mot. for Default J. (Dkt. No. 28).)

of Default requires that this action be dismissed. *See Wells Fargo Bank, N.A. v. Eisler,* 988 N.Y.S.2d 682, 683 (App. Div. 2014) (holding that a foreclosure action should be dismissed where Plaintiff had provided affidavit but no proof of mailing). However, *Eisler* is inapposite here because Plaintiff has provided evidence that the Notice of Default was sent by certified mail to Defendant at the Property. (*See* Dkt. No. 22-6 at 89–90.) As a result, the Court determines that Defendant is unlikely to succeed on the merits of this claim.

### 3. Timing of the Foreclosure Sale

Finally, Defendant argues that Plaintiff's scheduled sale fails to comply with New York REAL PROP. ACTS. § 1351(1) because it was not scheduled within ninety days of judgment. In the Default Judgment, the Court provided that "if the [court-appointed] Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with Fed. R. Civ. P. §6(b), the time fixed by REAL PROP. ACTS. § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable." (*See* Default Judgment 7.)[6] While the timing of the sale is arguably a procedural defect, New York law allows a foreclosure sale to be set aside only where "a substantial right of a party was prejudiced" by the failure to "comply with the requirements . . . as to the notice, time or manner of [the] sale." N.Y.C.P.L.R. § 2003; *see also Wells Fargo Bank, Nat'l Ass'n v. Singh*, 163 N.Y.S.3d 864, 866 (App. Div. 2022) (holding that a foreclosure sale would not be set aside where defendants had "not established that the delay of the foreclosure sale prejudiced a substantial right"); *Emigrant Mortg. Co., Inc. v. Hartman*, 104 N.Y.S.3d 667, 669 (App. Div. 2019) (denying motion to set aside a foreclosure sale where

---

[6] The Court notes that it is common practice for federal courts adjudicating foreclosure actions to authorize extensions when issuing default judgments. *See, e.g., U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT v. Morgano*, No. 19-CV-10729, 2020 WL 1989420, at *3 (S.D.N.Y. Apr. 27, 2020) (Briccetti, J.) ("[I]f the Referee cannot conduct the sale within 90 days of the date of the judgment, . . . the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable. . .").

"defendants failed to establish that any alleged defects in the sale of the subject property prejudiced a substantial right of a party"). Here, Defendant does not raise any substantial right that has been prejudiced, and it seems unlikely that she could, as the delay in the sale has allowed Defendant to retain possession and ownership of the property for almost a year after the property should have been sold. Thus, the Court finds that Defendant likely would not succeed on the merits of her claim.

## II. Conclusion

The Court finds that Defendant has not raised any claims that are likely to succeed on the merits; additionally, the Court holds that Defendant is unlikely to suffer irreparable harm because any defects in the foreclosure sale may be remedied through further proceedings before this Court. *See Ferraro v. Realty USA*, No. 108-CV-0778, 2009 WL 1098664, at *2 (N.D.N.Y. Apr. 23, 2009) (holding that foreclosure sales of multiple properties would not result in irreparable harm where the court could award money damages). For the foregoing reasons, the Court denies Plaintiff's requested relief to stay the foreclosure sale scheduled for September 27, 2022.

SO ORDERED.

Dated: September 26, 2022
       White Plains, New York

KENNETH M. KARAS
United States District Judge